**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALPHABET PHILLY, LLC *et. al.* | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO:** |
| | ) | **2:19-cv-06116 RBS** |
| | ) | |
| ABC CAPITAL INVESTMENTS, LLC | ) | |
| *et. al,* | ) | **DEMAND FOR A JURY TRIAL** |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

ALPHABET PHILLY, LLC *et. al.* ( "AP"), ("Plaintiffs"), by and through their attorneys Mu'min F. Islam, Esq and Brittany R. Gardner, Esq, hereby file this Motion for Preliminary Injunction ( "Motion") against Defendants ABC CAPITAL INVESTMENTS, LLC e*t. al* ("Defendants") and respectfully request this Court grant their Motion and issue an order consistent with the proposed form of order attached hereto, enjoining the Defendants to provide access to corporate records and books related to the properties identified in Exhibit A ("Properties") and prohibit Defendants directly or indirectly from accessing individual and corporate bank accounts identified in Exhibit A ("Accounts").

In support of its Motion, Plaintiffs rely on the facts and law set forth in their supporting Memorandum of Law and Complaint in this action.

Respectfully submitted,

*/s/ Mu'min Islam*
Mu'min F. Islam, Esq. ID# 208979
Brittany R. Gardner, Esq. ID# 323604
Attorneys for Plaintiffs
7433 Limekiln Pike, Suite 210
Philadelphia, PA 19138
Phone: (215) 735-2357

June 18, 2020

1

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ALPHABET PHILLY, LLC *et. al.* | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO:** |
| | ) | **2:19-cv-06116 RBS _** |
| | ) | |
| ABC CAPITAL INVESTMENTS, LLC | ) | |
| e*t. al,* | ) | **DEMAND FOR A JURY TRIAL** |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## ORDER

AND NOW, on this ____ day of _____, 2020, upon the Motion for Preliminary Injunction (the "Motion") filed by Plaintiffs ALPHABET PHILLY, LLC *et. al.* ("Plaintiffs"), against Defendants ABC CAPITAL INVESTMENTS, LLC e*t. al* ("Defendants"), Plaintiffs' supporting Memorandum of Law, Complaint, and supporting materials, and Defendants' opposition, if any, and having held a hearing on _____, 2020, the Court finds Plaintiffs have established:

1. There is a substantial likelihood Plaintiffs will succeed on the merits of their claims against Defendants;

2. Plaintiffs will suffer immediate and irreparable harm if Defendants' unlawful conduct remains unabated;

3. The irreparable injury Plaintiffs face outweighs any injury e Defendants will sustain because of the immediate injunctive relief; and

4. The public interest will be served by the granting of the immediate injunctive relief.

WHEREFORE, IT IS HEREBY ORDERED Plaintiffs' Motion for Preliminary Injunction is GRANTED, and the Defendants are hereby bound by the following:

1.      For the duration of this Preliminary Injunction, Defendants ABC Capital Realty, LLC, ABC Capital Investments, LLC, Philly Acquisitions, LLC, Giovanni Real Estate, LLC, New Philly Construction, LLC, State-side Philly, LLC, Jason Walsh, and Karen Lee-Walker ("Defendants") shall provide Plaintiffs access to all corporate records and books related to the Properties identified in Exhibit A ("Properties")for inspection by Plaintiffs within thirty (30) days;

2.      Defendants are enjoined from having access directly or indirectly to the bank accounts identified in Exhibit A of this Order ("Accounts");

4.      Defendants shall maintain and hold all records, documents, or other forms of information, including that which is stored in electronic form in any place which Defendants may store such information, which relate to the allegations in the Complaint, to ensure fair conduct of this litigation;

5.      Any person, including any corporation, partnership, franchise, or other business entity, having received notice of this Order pursuant, shall afford it full faith and credit and undertake all reasonable efforts to safeguard any information relating to Plaintiffs' claims and take no action to assist Defendants in the aforementioned Plaintiffs' requests.

**IT IS HEREBY FURTHER ORDERED THAT:**

1.      A hearing is set on the Plaintiffs' Motion for Preliminary Injunction to be held on _____, 2020, at _____ o'clock a.m./p.m. in Courtroom of the United States District Court for the Eastern District of Pennsylvania.

2.      The Plaintiffs shall immediately provide notice of this Order and, to the extent they have not already, make service of all papers upon Defendants.

3.      This Preliminary Injunction is entered at _____  a.m./p.m. and shall remain in effect unless otherwise modified by an order of this Court.

SO ORDERED.

ENTERED this _____ day of _____, 2020.


_____

J.

MFI LAW GROUP, LLC
Mu'min F. Islam, Esq
Attorney ID. No. 208979                                    Attorneys for Plaintiffs
Brittany R. Gardner, Esq
Attorney ID. No. 323604
7433 Limekiln Pike, Suite. 210
Philadelphia, PA 19138
(215) 735-2357

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALPHABET PHILLY, LLC *et. al.* | ) | |
| | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO:** |
| | ) | **2:19-cv-06116 RBS** |
| | ) | |
| ABC CAPITAL INVESTMENTS, LLC | ) | |
| e*t. al,* | ) | **DEMAND FOR A JURY TRIAL** |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Plaintiffs ALPHABET PHILLY, LLC *et. al.* (the "Plaintiffs"), by and through their Attorneys Mu'min F. Islam Esq. and Brittany R. Gardner, Esq., hereby file this Memorandum of Law in support of their Motion for Preliminary Injunction ("Motion") against Defendants ABC CAPITAL INVESTMENTS, LLC e*t. al,* ("Defendants") to enjoin Defendants from: (1) Defendants shall be ordered to turn over corporate records and books related to the properties identified in Exhibit A ("Properties") and (2) Defendants are enjoined from having access directly and indirectly to the financial assets within their personal or corporate bank accounts identified in Exhibit A ("Accounts").

## I.     STATEMENT OF RELEVANT FACTS

Defendants collectively own, operate, or managed properties through various related entities with the purpose of selling them to individuals in exchange for a guaranteed return of their investment. Each purchaser ("Investor") enters into an Agreement of Sale and Property Management Agreement with Defendants for the renovation, management and/or collection of rent based upon the property and amount invested.  Defendants utilize its website[1] as well as other digital marketing mechanisms such as *YouTube* to advertise its business practices. The website explicitly guarantees fixed returns through guaranteed rental income on all acquisitions with a "Passive Income with Turn-Key Rental."[2] Moreover, Defendants investments are  "hands off real estate" catering to clients outside of Pennsylvania with high returns of "10% - 40%."[3]

 Upon agreeing to terms on a property, Defendants entered into an Agreement of Sale utilizing the Pennsylvania Association of Realtors' Standard Agreement for the Sale of Restate ("Agreement of Sale or AOS") with the Investor.  An Addendum to the AOS includes a warranty by Defendants for the following: (1) 3-year warranty for all maintenance costs;  (2) roof warranty for 15 years;  (3) guaranteed rent for 3 years (the amounts vary per transaction);  (4) statement regarding new tenant will be secured at no costs to the client for the first 3 years, if current tenant relocates;  (5) investor has no obligation for payment to secure tenants for first 3 years; and (6) inspection rights for the investor after the completion of any renovations.

To complete the transaction, Defendants create Limited Liability Companies ("LLC") for an Investor, used as a conduit to purchase the property.  The LLC's principal place of business and registered addresses are under Defendant's exclusive control.  At closing, the Investor enters into

---

[1] *See* http://www.abccapitalinvestments.com last visited June 14, 2020.
[2] *Hands off Rental Property*, Homepage, https://www.abccapitalinvestments.com, (last visited June 15, 2020).
[3] *Hands off Rental Property*, Homepage, https://www.abccapitalinvestments.com, (last visited June 15, 2020).

a Property Management Agreement ("PMA") with Defendants, setting forth the fixed return amount the Investor is to receive per year based upon rents collected solely upon the efforts of Defendants. At closing, the Investor pays the agreed upon fixed acquisition cost along with necessary closing costs to transfer the property to the newly formed entity.   In certain transactions, Defendants provide renovation services for the property necessary to receive expected returns of rental income. At closing, the Investor does not take control of the property, but instead the property is controlled by Defendants as set forth in the PMA managing and promoting a monetary return.

## II.    LEGAL STANDARD

To grant a preliminary injunction a court must find the party seeking the injunction satisfies four factors: "(1) a likelihood of success on the merits; (2) he or she will suffer irreparable harm if the injunction is denied; (3) granting relief will not result in even greater harm to the nonmoving party; and (4) the public interest favors such relief."[4]

Plaintiffs satisfies all four elements and Defendants should be immediately enjoined: (1) to turn over corporate records and books related to the Properties and (2) from having access directly and indirectly to the financial assets within their personal or corporate Accounts. Should the Court deny Plaintiffs' request, Defendants will have unfettered authority to sell, transfer, and/or manage the Properties in which Plaintiffs hold the sole equitable interest.   Additionally, due to lack of sufficient communication on Defendants' part, they collected rental payments up behalf of Plaintiffs through 2019.   Plaintiffs' did not receive those rental payments.   Thus, Defendants have control and/or unfettered access to rental payments owed to Plaintiffs without any supervision. To allow Defendants' such access would be to Plaintiffs' detriment. Moreover, Defendants served as

---

[4] Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 119 (3d Cir. 2010) (internal quotations and citations omitted).

property managers and access to its corporate records are the only method for undertaking proper transfer of management of the Properties. Plaintiffs in 2019 utilize another property management company to handle the Properties. However, there are continual notices from the City of Philadelphia regarding the Properties' outstanding obligations which were not addressed. Without such information, Plaintiffs will suffer undue burden in unraveling the myriad of liabilities attached to the Properties. Based on the allegations in the Complaint, it is apparent Defendants' fraudulent practices in their investment enterprise constitutes multiple misrepresentations to Plaintiffs. While the Defendants' actions are in general lawlessness and specific financial loss to the Plaintiffs, the continued access and/or ability to control the Properties may not be compensated subsequently solely by money damages.

III.    **Legal Argument**

     a.    **THE PLAINTIFFS ARE LIKELY TO SUCCEED ON THE MERITS OF THEIR CLAIMS.**

Defendants' actions identified in the Complaint supports Plaintiffs likelihood of succeeding on its claims.  Based on the seriousness of the allegations involving the Securities Act of 1933 ("Securities Act"), Securities Exchange Act of 1934 ("Exchange Act"), Investment Advisers Act of 1940 ("Advisers Act"), and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), it is clear Defendants' actions or inactions constitute a violation of law. Defendants' actions plainly meet the elements of the laws identified in the Complaint. In addition to the federal violations, there are clear breach of contract and fraudulent misrepresentation in the management of Plaintiff's investments. Plaintiffs well pleaded Complaint identifies a clear Ponzi Scheme in which Defendants use proceeds from one investment (sale of property) to fund distributions to other Investors disguised as rental income. As a result Plaintiffs are likely to win on the merits of their claims, requiring Defendants to transfer control of the

Properties to Plaintiffs, return monies improperly received, and/or pay further penalties and fees based upon liabilities not addressed by Defendants on Plaintiffs' behalf.

In addition to breach of contract and securities laws violations, Plaintiffs' Complaint outlines a clear "fraudulent enterprise" subject to the RICO statute. Defendants racketeering activities involving several businesses serving as sellers, buyers, or property managers for the respective investments. In each of these cases, Defendants are aiding and abetting Pennsylvania citizens and others, each of whom are persons with, or employed by, the enterprise, or engage in ancillary support, did knowingly, willfully and unlawfully conduct or participate, directly or indirectly in the affairs of the enterprise through a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(1), 1961 (5), and 1962(C). The racketeering activity was made possible by Defendants' regular and repeated use of the facilities and services of the enterprise. Defendants had the specific intent to engage in the substantive RICO violation engaged herein. The Defendants are not only creating lawlessness activity and violating federal and state laws, but they are spreading it in a way which will grow exponentially with no way of disrupting their fraudulent enterprise.

      b. **Plaintiffs and All Pennsylvanians Will Suffer Irreparable Harm By Allowing Defendants to Control Properties Without Plaintiffs' Involvement If Injunctive Relief Is Not Granted.**

Plaintiffs require an injunction to prevent irreparable harm.  To determine the existence  of immediate and irreparable harm, the party seeking the "preliminary injunction must show that an injunction is necessary to prevent immediate and irreparable harm that cannot be adequately

compensated by damages."[5] The Court must "accord appropriate significance to the real and immeasurable harm."[6] Moreover, the potential harm cannot be speculative in nature.[7]

In the instant matter, Plaintiffs will suffer immediate and irreparable harm if an injunction is not granted. Defendants had complete control over twenty-eight (28) Properties, including but not limited to ability to, sell, transfer, collection of rent and management of some properties up until 2019. Plaintiffs, majority of whom reside outside of the United States, are unaware of how their properties were managed or if they incurred obligations that are now outstanding. For several years, Plaintiffs did not receive any rental payments, have zero access to corporate books to assess the financial accounting, and are therefore severely limited in their ability to properly manage or maintain the Properties. There is clear imminent harm to Plaintiffs by allowing Defendants to mismanage Plaintiffs income in the Accounts. Moreover, without proper access to the corporate books and records, Plaintiffs are without sufficient knowledge of the state of the Properties to remain compliant and prevent further harm. Such harm is cognizable and forms the basis of the litigated matter.

The existences of irreparable harm cannot be based solely upon a possibility, however, instead the injunctive relief "may only be awarded upon a clear showing that the plaintiff is entitled to such relief."[8] Plaintiffs are investors within Defendants investment enterprise. Through Plaintiffs investments, Defendants purchased, managed and controlled properties then distributes returns to the Investor. In addition, the parties enter into a 3 year property management agreements. Defendants have no further management rights. Moreover, Plaintiffs seek access to Defendants' corporate books and records necessary to address the myriad of issues subjected to the Properties.

---

[5] <u>Summitt Towne Ctr., Inc. v. Shoe Show of Rocky Mount, Inc.</u>, 828 A.2d 995, 1001 (PA 2003).
[6] <u>Id</u>. at 999.
[7] <u>Id</u>. at 1005.
[8] <u>Mazurek v. Armstrong</u>, 520 U.S. 968, 972 (1997).

Finally, Plaintiffs are entitled to prohibit Defendants access to the funds within the respective Accounts as these funds consist of rental income collected on behalf of Plaintiffs. The Accounts sought to be enjoined were used by Defendants previously to transmit rental payments collected on behalf of Plaintiffs. As a result, Plaintiffs are entitled to the relief of preventing Defendants' access to the Accounts, as there remains funds owed to Plaintiffs.  Plaintiffs would have no remedy at law if Defendants continue its exclusive control over the Accounts thereby causing further destruction and/or continued fraud.

Harm is imminent as there are daily liabilities and obligations incurred by the Properties for which Defendants failed to adequately address. In fact, prior to litigation Defendants' failure to address the issues have caused at least two properties to be reclaimed and foreclosed upon, failed to secure proper licenses and permits to comply with local housing regulations and have incurred over $30,000.00 in costs of fines for utilities and other violations.[9] Defendants, based on its own admission, markets its enterprise as a "hands-off" option for investors.[10] Plaintiffs weren't  granted access to any of the day-to-day operations of the properties, nor were they informed whether their properties were being sold.[11] Plaintiffs have no way of obtaining the debts and obligations on the Properties without access to the corporate books.

Here, granting an injunction would not disproportionately harm Defendants because Defendants use and control of the funds were obtained fraudulently based on misrepresented facts.[12]  In other words, an injunction cannot disproportionately harm Defendants, in which Plaintiffs have an equitable interest in the actions sought which substantially outweighs Defendants.

---

[9] *See* Complaint dated December 24, 2019, ECF No. 2:19-cv-06116-RBS, Pg. 12, ¶76 – 79.
[10] *Hands off Rental Property*, Homepage, https://www.abccapitalinvestments.com, (last visited June 15, 2020).
[11] *Id., See also* Defs'. Answer dated May 22, 2020, ECF No. 2:19-cv-06116-RBS, Pg. 12, ¶ 76, 77, and 79.
[12] *See* Summit, 828 A. 2d 995, 1001 (2003).

### c.  **Granting relief will not result in even greater harm to the nonmoving party.**

Since the Accounts maintain funds owed to Plaintiffs, there is no harm to enjoin.  The balance between injunctive relief and harm favors Plaintiffs. When determining whether to issue a preliminary injunction, the court considers the "extent to which defendant will suffer irreparable harm if the preliminary injunction is issued."[13]  Here, there is no harm to Defendants by granting the requested injunctive relief. Defendants will be enjoined to provide access to information requisite to managing the Properties and will prevent Defendants from usurping Plaintiffs rental income being held by Defendants as custodian.  Conversely, if injunctive relief is not granted, Defendants can continue its racketeering "scheme" given its exclusive access to Plaintiffs Accounts. Furthermore, as Defendants continue their "scheme" with other non-related parties, Plaintiffs Assets and/or monies may be comingled with other obligations or current and future lawsuits. To date there are over forty (40) litigated cases against Defendants involving similar causes of action. If these litigated matters usurp Plaintiffs monies in the Accounts and/or Properties, Plaintiffs harm will be immeasurable. There is no going back after the damage is done.

The contours of an injunction are shaped by the sound discretion of the trial judge."[14]. Enjoining Defendants from participating in racketeering behavior does not result in greater harm to the nonmoving party.  Moreover, it is unlikely for an injunction to result in greater harm to Defendants because Plaintiffs' relief sought is solely based upon returning Plaintiffs access to its funds in the Accounts.

---

[13] Pappan Entertainment, Inc. v. Hardee's Food sys., 143 F.3d 800, 803 (3d Cir. 1998).
[14] George Basch Co. v. Blue Coral, Inc., 968 F.2d 1532, 1542 (2d Cir. 1992), *cert denied,* 506 U.S. 991 (1992).

d. **An Injunction Will Serve the Public Interest.**

The RICO statute expressly authorizes the imposition of "reasonable restrictions on the future activities" of violators.[15] The Court has given a broad reading to the phrase "reasonable restrictions."[16] In general "a district court has broad discretion to enjoin possible future violations of law where past violations have been shown, and the court's determination that the public interest requires the imposition of a permanent restraint should not be disturbed on appeal unless there has been a clear abuse of discretion."[17]

Here, the public interest is clear. Plaintiffs assert in its Complaint Defendants' actions violated RICO causing Plaintiffs harm. Defendants' violations of state and federal laws as set forth herein, each of which directly and proximately injured Plaintiffs, constitute a continuous course of conduct spanning over five years. During this period, Defendants intended and successfully obtained money through false representations, fraud, deceit, and other improper unlawful means. Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C. § 1961(1) and (5).[18] Since at least 2012, Defendants engaged and continue to engage in a pattern and practice of fraudulently obtaining control over properties from individuals similarly situated as Plaintiffs in Pennsylvania and the public at large. If Defendants proceed, there is no way to undo damage occurred and compensate for the damage.

The continuity of Defendants' fraudulent conduct and current plans of expanding into other markets must be considered detrimental to the public. Defendants' website provides Philadelphia

---

[15] 18 U.S.C. §1964(a).
[16] *See* <u>United States v. Private Sanitation Industrial Ass'n</u>, 995 F.2d 375, 377 (2d Cir. 1993)(holding the statute "grants courts broad discretion and latitude in enjoining violations from activities that might lead to future violations.").
[17] <u>SEC v. Manor Nursing Centers, Inc.</u>, 458 F.2d 1082, 1100; 1183 (2d Cir. 1972).
[18] Supra Note 9, Pg. 23, ¶152.

statistics for potential investors.[19]   However, it also provides its client portfolio showing Defendants' enterprise extends not only to Philadelphia, but also Montgomery and Delaware County.[20] Moreover, Defendants have over 886 clients and 1,357 properties with no end in sight.[21]

In United States v. Carson, the Second District held:

> authority to order disgorgement derives from the broad equitable powers given courts under the securities laws to provide such remedies as are necessary to make effective the congressional purpose....The fashioning of equitable remedies under the securities laws lies within the sound discretion of the court....A court exercising the broad equitable powers of RICO's § 1964 has similar, if not wider, latitude in designing appropriate relief.[22]

Similarly, the Third Circuit has held, "where a private plaintiff in a civil RICO action has been permitted to seek preliminary injunctive relief, the courts have consistently applied traditional preliminary injunction standards, including the requirement of irreparable harm in the absence of an injunction."[22] The Third Circuit recognizes:

> a plaintiff may prevail upon a request for preliminary injunctive relief where the underlying wrong is compensable by damages where the preliminary injunction is necessary to preserve the future damages judgment. The "fact that the payment of monies is involved does not automatically preclude a finding of irreparable injury."[23]

It should follow here, it is in the public interest for this Court to grant a temporary injunction, at a minimum until a proper injunction hearing may be held and the Plaintiffs' claims may be properly considered and adjudicated. The Third Circuit has made clear in RICO cases, the standard for injunctive relief is the same as the traditional standard and relief should be granted to prevent

---

[19] *Facts About Philadelphia*, https://www.abccapitalinvestments.com/about-philadelphia/, (last visited June 15, 2020).

[20] *Hands off Rental Property*, Homepage, https://www.abccapitalinvestments.com, (last visited June 15, 2020).

[21] *Id.*

[22] United States v. Carson, 52 F.3d 1173, 1181 (2d Cir. 1995).

[23] Jackson v. Rohm & Haas Co., CIVA 05-4988, 2009 WL 948741, at *4 (E.D. Pa. Mar. 20, 2009); Andrews v. Holloway, CIV. A. 95-1047(JBS), 1995 WL 875883, at *(D.N.J. Nov. 9, 1995) (**granting** a preliminary injunction where plaintiffs pled civil RICO and state law claims and where the traditional requirements for obtaining injunctive relief were met ); *See also* United Steelworkers v. Fort Pitt Steel Casting, 598 F.2d 1273, 1280 (3d Cir. 1979).

future irreparable harm, not only to plaintiffs, but to the public. It is apparent from the facts, extenuating across numerous individuals residing throughout the world, the public interest is severely at stake. Moreover, Defendants "scheme" into future states and jurisdictions demonstrates further impact upon the public interest, which would be best served by issuing the requested injunctive relief.

## IV.    CONCLUSION

For the foregoing reasons, this Court should grant Plaintiffs' motion for a preliminary injunction pending a full hearing on the merits of its motion.


                                                              Respectfully submitted,
                                                              */s/ Mu'min Islam*

June 18, 2020                                       Mu'min F. Islam, Esq.
                                                              Attorney ID. No. 208979
Brittany R. Gardner, Esq.
Attorney ID. No. 323604
Attorneys for Plaintiffs
7433 Limekiln Pike, Suite 210
Philadelphia, PA 19138
Phone: (215) 735-2357

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ALPHABET PHILLY, LLC *et. al.*  ) | |
| ) | |
| Plaintiff,  ) | **CIVIL ACTION NO:** |
| ) | **2:19-cv-06116 RBS _** |
| ) | |
| ABC CAPITAL INVESTMENTS, LLC  ) | |
| e*t. al,*  ) | **DEMAND FOR A JURY TRIAL** |
| Defendant.  ) | |
| ) | |
| _____ ) | |

**CERTIFICATE OF SERVICE**

    I, Mu'min F. Islam, do hereby certify that on this 18th day of June, 2020. I caused a true and correct copy of the foregoing document to be served on the individuals and in the manner indicated below:

**VIA ECF SYSTEM**
**AND FIRST CLASS MAIL**

Andrew Swain, Esq.
The Swain Law Firm
2410 Bristol Rd.
Bensalem, PA 19020
swain@swainlawfirm.com

DATED: June 18, 2020