IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| AMERICAN HYPNOTHERAPY SOCIETY, LLC, ET AL. | : : : | |
| | : | CIVIL ACTION |
| v. | : : | NO. 19-6116 |
| ABC CAPITAL INVESTMENTS, LLC, ET AL. | : : | |

## ORDER

**AND NOW**, this 7th day of July 2020, upon consideration of Plaintiffs' Motion for Preliminary Injunction (ECF No. 25) and Defendants' response thereto (ECF No. 27), it is **ORDERED** that the Motion is **DENIED**.[1]

**IT IS SO ORDERED.**

BY THE COURT:

/s/ R. Barclay Surrick
**R. BARCLAY SURRICK, J.**

---

[1] Plaintiffs are investors who engaged Defendants to locate, renovate, and manage various properties in Philadelphia. (Compl. ¶¶ 6-7, ECF No. 1.) Defendants promised returns on investment of 10-40%. (*Id.* ¶ 58.) Plaintiffs allege that rather than putting investors' funds to proper use, Defendants engaged in a "typical Ponzi scheme by utilizing new investor's [sic] investments to distribute to pre-existing investors owed a guaranteed fixed return." (*Id.* ¶ 12.) The end result was not good for Plaintiffs: the properties became liabilities, rather than assets. (*Id.* ¶ 13.)

Plaintiffs initiated this action on December 24, 2019. They allege federal securities violations, federal RICO violations, fraud, breach of contract, and unjust enrichment. On June 18, 2020, Plaintiffs moved for preliminary injunctive relief. Plaintiffs seek an order: (1) requiring Defendants to turn over certain corporate books and records; (2) prohibiting Defendants from accessing certain bank accounts related to the subject real estate transactions; and (3) requiring Defendants to implement a litigation hold on all relevant documents. (ECF No. 25.)

"Preliminary injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *AT&T v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). "To obtain a preliminary injunction, the movants must: 'demonstrate (1) that they are reasonably

likely to prevail eventually in the litigation and (2) that they are likely to suffer irreparable injury without relief.'" *Pennsylvania v. President United States*, 930 F.3d 543, 565 (3d Cir. 2019) (quoting *K.A. ex rel. Ayers v. Pocono Mountain Sch. Dist.*, 710 F.3d 99, 105 (3d Cir. 2013)). "'If these two threshold showings are made the District Court then considers, to the extent relevant, (3) whether an injunction would harm the [defendants] more than denying relief would harm the plaintiffs and (4) whether granting relief would serve the public interest.'" *Id*. (quoting *Ayers*, 710 F.3d at 105).

We deny Plaintiffs' Motion because they have failed to establish irreparable harm, one of the absolute prerequisites for a preliminary injunction to issue. "'In order to demonstrate irreparable harm the plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial.'" *Checker Cab of Philadelphia Inc. v. Uber Techs., Inc.*, 643 F. App'x 229, 232 (3d Cir. 2016) (quoting *Campbell Soup Co. v. ConAgra*, 977 F.2d 86, 91 (3d Cir. 1992)). "Additionally, '[t]he requisite feared injury or harm must be irreparable—not merely serious or substantial,' and it 'must be of a peculiar nature, so that compensation in money cannot atone for it.'" *Id*. (quoting *Campbell Soup*, 977 F.2d at 91-92). "The irreparable harm alleged must [also] be actual and imminent, not merely speculative. '[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future. Rather, the moving party must make a clear showing of *immediate* irreparable harm.'" *Macchione v. Coordinator Administrator in Washington, D.C.*, 591 F. App'x 48, 49-50 (3d Cir. 2014) (emphasis in original) (quoting *Campbell Soup*, 977 F.2d at 91).

Plaintiffs' theory of irreparable harm is as follows:

> Plaintiffs, majority of whom reside outside of the United States, are unaware of how their properties were managed or if they incurred obligations that are now outstanding. For several years, Plaintiffs did not receive any rental payments, have zero access to corporate books to assess the financial accounting, and are therefore severely limited in their ability to properly manage or maintain the Properties. There is clear imminent harm to Plaintiffs by allowing Defendants to mismanage Plaintiffs income in the Accounts. Moreover, without proper access to the corporate books and records, Plaintiffs are without sufficient knowledge of the state of the Properties to remain compliant and prevent further harm.
>
> …
>
> Plaintiffs are entitled to prohibit Defendants access to the funds within the respective Accounts as these funds consist of rental income collected on behalf of Plaintiffs. The Accounts sought to be enjoined were used by Defendants previously to transmit rental payments collected on behalf of Plaintiffs. As a result, Plaintiffs are entitled to the relief of preventing Defendants' access to the Accounts, as there remains funds owed to Plaintiffs. Plaintiffs would have no remedy at law if Defendants continue its exclusive control over the Accounts thereby causing further destruction and/or continued fraud.
>
> Harm is imminent as there are daily liabilities and obligations incurred by the Properties for which Defendants failed to adequately address. In fact, prior to

> litigation Defendants' failure to address the issues have caused at least two properties to be reclaimed and foreclosed upon, failed to secure proper licenses and permits to comply with local housing regulations and have incurred over $30,000.00 in costs of fines for utilities and other violations. Defendants, based on its own admission, markets its enterprise as a "hands-off" option for investors. Plaintiffs weren't granted access to any of the day-to-day operations of the properties, nor were they informed whether their properties were being sold. Plaintiffs have no way of obtaining the debts and obligations on the Properties without access to the corporate books.

(Br. 10-11, ECF No. 25 (internal citations omitted).)

As Plaintiffs' arguments indicate, they are primarily concerned about "funds," "income," "liabilities," and "costs" – in other words – money. Plaintiffs make a conclusory reference to having no remedy at law, but they do not actually explain why "compensation in money cannot atone" for their alleged harm. *Checker Cab*, 643 F. App'x at 232; *see also Acierno v. New Castle Cnty.*, 40 F.3d 645, 653 (3d Cir. 1994) (holding that "[e]conomic loss does not constitute irreparable harm"); *San Francisco Residence Club, Inc. v. O'Shea*, No. 08-1423, 2009 WL 10688917, at *2 (N.D. Ala. June 30, 2009) (finding that plaintiffs failed to demonstrate that defendant's "alleged mismanagement of the commercial property at issue has, or will, cause plaintiffs to suffer immediate, irreparable harm" because "[t]he potential harm that might befall plaintiffs is quantifiable"); *Snell v. Kerkorian*, No. 20070364, 2007 WL 2367796, at *2 (Mass. Super. Ct. July 20, 2007) (finding that defendant's "ongoing mismanagement" of property did not "constitute a substantial risk of irreparable harm necessitating injunctive relief" where the "mismanagement issues [would] be decided in the underlying case"). The foreclosures to which Plaintiffs refer could conceivably give rise to irreparable harm, but Plaintiffs fail to provide any detail regarding those foreclosures. *See Mclean v. Aurora Loan Servicing*, No. 11-455, 2011 WL 4635027, at *2 (S.D. Cal. Oct. 5, 2011) (noting that "the loss of real property through foreclosure may constitute irreparable harm in some cases").

Moreover, according to the Complaint, Plaintiffs began noticing deficiencies in Defendants' performance by 2016. (*See, e.g.*, Compl. ¶ 91.) However, Plaintiffs did not file suit until December 2019, and they did not seek preliminary injunctive relief until six months after filing suit, in June 2020. Plaintiffs do not explain their apparent delay in seeking equitable relief for what they purportedly believe is imminent irreparable harm. As many district courts in the Third Circuit have recognized, this unexplained delay also "weighs against a finding of irreparable harm." *Rogers v. Gentex Corp.*, No. 16-137, 2016 WL 4708004, at *7 n.2 (M.D. Pa. Sept. 8, 2016) (collecting cases).

For these reasons, Plaintiffs' motion must be denied. Finally, we note that although we are not ordering Defendants to implement a litigation hold, that does not excuse them from complying with their obligations—discovery and otherwise—in this litigation.